United States District Court
Southern District of Texas
**ENTERED**
July 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

Nos. 3:21-cv-36

ETHELEN WILLIAMS, *PLAINTIFF*,

v.

CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINES, *DEFENDANT*.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*.

Ethelen Williams alleges she was injured on board a Carnival cruise ship.[1] After she sued in state court,[2] Carnival removed.[3] Based on a forum-selection clause in the cruise ticket contract, Carnival seeks to transfer, under 28 U.S.C. § 1404(a), to the Southern District of Florida.[4] The court grants the motion.

**I.   Background**

In 2019, Williams booked a seven-day Caribbean cruise aboard the *Carnival Vista*.[5] Carnival then emailed Williams to tell her the cruise was "subject to the

---

[1] Dkt. 1-2.
[2] *Id.*
[3] Dkt. 1.
[4] *See* Dkt. 4.
[5] *Id.* at 2.

1

terms and conditions set forth in the Cruise Ticket Contract."[6] Carnival re-sent the email three more times—on March 8, April 7, and June 12, 2019—before the cruise commenced.[7] Carnival's email included a section labeled "**IMPORTANT NOTES**" providing:

> Your booking is subject to the terms and conditions set forth in Carnival's Cruise Ticket Contract. You can access the Cruise Ticker Contract through www.carnival.com/bookedguest. It is important for you to read the Cruise Ticket Contract and become acquainted with the specific conditions and limitations of your cruise, including time limitations and the proper venue in which to file suit. You can also view a copy of the Cruise Ticket Contract in Carnival's website (www.carnival .com) under the Customer Service section.[8]

Additionally, before the cruise, Williams was required to complete an online check-in process.[9] This provided Williams yet another chance to read the contract's terms and conditions.[10] Checking in requires acknowledgment of the cruise ticket contract's terms and conditions.[11] The second paragraph of the contract states:

> NOTICE: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 11 THROUGH 14, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINE, THE VESSEL,

---

[6] *Id*. at 3.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

>
> THEIR AGENTS AND EMPLOYEES AND OTHERS, INCLUDING FORUM SELECTION…[12]

On June 14, 2019, Williams completed the check-in process.[13]

The next day, Williams alleges that while aboard the *Carnival Vista*, the "closet door of the cabin" fell on top of her, and she sustained "serious head and back injuries."[14] Williams claims that Carnival's negligence caused her injuries.[15]

## II. Analysis

### A. The forum-selection clause is valid.

Before the court can decide whether to transfer, it must decide whether the forum-selection clause is valid and enforceable.[16] Williams lists four reasons why the clause is invalid: (1) it's hidden in clickwrap;[17] (2) it couldn't be rejected without incurring a penalty;[18] (3) it violates § 30509 of the Shipping Code;[19] and (4) it's unconscionable.[20]

---

[12] *Id.* at 4.
[13] *Id.*
[14] Dkt. 1-2, ¶ 5.
[15] *Id.*
[16] *Cline v. Carnival Corp.*, No. 3:13-CV-1090-B, 2014 WL 550738, at *2, 2014 A.M.C. 1038 (N.D. Tex., Feb. 12, 2014).
[17] Dkt. 14 at 5-6.
[18] *Id.* at 6-7.
[19] *Id.* at 8-9.
[20] *Id.* at 7-8.

This court has already considered and rejected the first three arguments.[21] It will not revisit them now. And the clause is not unconscionable. Under Texas law, proving unconscionability presents a "'high threshold' per a 'strong policy favoring the freedom of contract.'"[22] Williams has not cleared that threshold. The forum-selection clause is valid and enforceable.

**B. The public-interest factors.**

Having found the clause valid, the court next decides whether to enforce it under the analytical framework set out in the *Atlantic Marine* case.[23] Under *Atlantic Marine*, courts considering a § 1404 motion to transfer in the face of a valid forum-selection clause must confine their analysis to certain public-interest factors.[24] Those factors are "(1) administrative difficulties related to court congestion; (2) the local interest in deciding the controversy; (3) the familiarity of the forum with the

---

[21] *See Guerra v. Carnival Corp.*, No. G-14-029, 2015 WL 13776792, at *3-4, (S.D. Tex. Jan. 27, 2015) (Froeschner, M.J.), *adopted by* 2015 WL 13776793 (S.D. Tex. Feb. 17, 2015). Williams apparently did not come across this case, as she fails to refer to it in her response to the motion to transfer.

[22] *Pizza Inn, Inc. v. Clairday*, 979 F.3d 1064, 1068 (5th Cir.2020) (quoting *Besteman v. Pitcock*, 272 S.W.3d 777, 787 (Tex. App.—Texarkana 2008, no pet.).

[23] *Cline*, 2014 WL 550738, at *2 (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49 (2013)).

[24] *Guerra*, 2015 WL 13776792, at *4. "In particular, the Supreme Court instructed lower courts to give 'no weight' to the plaintiff's choice of forum or to arguments about the parties' private interests." *Id.* (quoting *Atlantic Marine*, 571 U.S. at 63). Williams must've missed that part of the opinion, as she argues that "some weight must be given to the [plaintiff's] chosen forum" and "this issue strongly favors refusal of transfer." Dkt. 14 at 4-5.

applicable law; and (4) the avoidance of unnecessary conflict[-]of[-]laws problems."[25]

Applying these factors to this case does not compel the court to deny the motion:

- First, both the Southern District of Florida and the Southern District of Texas are busy courts.

- Second, Galveston does indeed have an interest in addressing personal injuries that occur on the cruise ships calling on its port. But Miami also has an interest in ensuring that Carnival, which is headquartered there, operates safely.

- Third, both courts are equally able to apply the maritime law of the United States, which Carnival insists will apply in this case. But even if Texas law applies, the Supreme Court has acknowledged that "federal judges routinely apply the law of a State other than the State in which they sit."[26] (Also, Texas tort law is not that complicated.)

- Fourth, Williams has identified no true potential conflicts-of-laws problems. She's worried that the Florida court will either not hear her claims under the

---

[25] *Id.* at *4 n. 6.
[26] *Atlantic Marine*, 571 U.S. at 67.

Texas Deceptive Trade Practices Act or, if it does, will misapply the law.[27] But this court has little doubt that the Florida court will apply the right law correctly.

The Supreme Court has noted that applying these factors "will rarely defeat a transfer motion" and "forum-selection clauses should control except in unusual cases."[28] This is not one of those unusual cases.

\*   \*   \*

The court grants Carnival's motion to transfer venue (Dkt. 4). This case is hereby transferred to the Miami Division of the United States District Court for the Southern District of Florida. The clerk is directed to transmit the case file to the clerk of that court.

Signed on Galveston Island on this the 22nd day of July, 2021.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[27] Dkt. 14 at 4.
[28] *Atlantic Marine*, 571 U.S. at 64.